## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHRISTINE DEETT FARMER DAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 15-1163-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security

(hereinafter Commissioner) denying Disability Insurance Benefits (DIB) and

Supplemental Security Income benefits (SSI) under sections 216(i), 223, 1602, and

1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and

1382c(a)(3)(A) (hereinafter the Act).  Finding that Plaintiff presented new, material, and

chronologically relevant evidence to the Appeals Council, the court ORDERS that

judgment shall not be entered at this time and the case shall be REMANDED for the

Commissioner to take the additional evidence pursuant to the sixth sentence of 42 U.S.C.

§ 405(g) and for further proceedings in accordance therewith.

**I.     Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning August 25, 2011.  (R. 246, 456, 461).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  She argues that the Appeals Council erred in rejecting certain new and material evidence, and that remand is necessary for a proper consideration of that evidence.  (Pl. Br. 3-8).  Alternatively, she argues that remand is necessary in any case because the Administrative Law Judge (ALJ) erred at step three in evaluating whether Plaintiff's condition meets Listing 1.04A or Listing 12.04, and also erred in the credibility determination.  (Pl. Br. 8-15).

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.

Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a

claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136,

1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).

"If a determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether

claimant has engaged in substantial gainful activity since the alleged onset, whether she

has a severe impairment(s), and whether the severity of her impairment(s) meets or equals

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt.

P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e),

416.920(e).  This assessment is used at both step four and step five of the sequential

evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--

determining at step four whether, in light of the RFC assessed, claimant can perform her

past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work.  Wilson,

602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is

on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v.

Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182,

1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to

the Commissioner to show that there are jobs in the economy which are within the RFC

assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that the Appeals Council erroneously determined that certain of the

evidence about which Plaintiff complains is not chronologically relevant.  Accordingly, it

finds that remand is necessary for further proceedings in accordance with sentence six of

42 U.S.C. § 405(g).  Therefore, the court will not provide an advisory opinion regarding

consideration of Listing 1.04A or Listing 12.04, or regarding the credibility of Plaintiff's

allegations of symptoms.  Plaintiff may make her arguments with regard to each of these

matters before the Commissioner on remand.

## II.     Sentence Six Remand

Plaintiff asserts that she submitted certain new and material post-hearing medical

evidence to the Appeals Council, 230 pages of which the Council did not consider, and

"refused to make [P]laintiff's . . . evidence part of the administrative evidence," but

included "it in the Administrative Record filed with this [c]ourt."  (Pl. Brief 3).  The

evidence she asserts was not made a part of the "administrative evidence" included

treatment notes from Mental Health Association of South Central Kansas dated October

4

8, 2013 through February 3, 2014 (Pl. Brief 3); treatment notes from Abay Neuroscience

Center dated December 2, through December 20, 2013 (Pl. Brief 3, 4); treatment notes

from Kansas Spine Hospital dated December 12, 2013 through February 7, 2014 (Pl.

Brief 3, 4); treatment notes from Abay Neuroscience Center dated January 16, 2014

through July 18, 2014 (Pl. Brief 3, 4); and treatment notes from KU Internal Medicine

dated January 20, 2014 through February 3, 2014.[1]  (Pl. Brief 3, 5).  Plaintiff argues that

this evidence "bears directly upon [P]laintiff's past medical history, dating to as early as

her car accident June 29, 2011," and to her chronic neck and low back pain with

radiculopathy.  Id. at 5.  Plaintiff argues that the court should consider this evidence in its

review of the decision below, because although the Appeals Council refused to make it a

part of the "administrative evidence," it included it in the record filed with the court.  Id.

(citing Martinez v. Barnhart, 444 F.3d 1201, 1207-08 (10th Cir. 2006)).  She also argues

(apparently in the alternative) that the court should order remand because the evidence is

"new, material and not duplicative."  Id. at 6.

The Commissioner argues that the court should not remand on the basis of this

evidence because the Appeals Council properly determined the evidence does not qualify

as new, material, and chronologically relevant, and therefore it should play no role in the

---

[1]Plaintiff's summary of the KU Internal Medicine Clinic notes refers to
"[t]reatment notes from January 1, 2014" (Pl. Brief 5), but the notes cited are dated
January 20, 2014 (R. 10, 11, 19), and Plaintiff earlier identified the "treatment from
January 20, 2014 to February 2014."  (Pl. Brief 3).  The court finds the reference to
January 1, 2014 is a typographical error.

court's review.  (Comm'r Br. 9) (citing <u>Krauser v. Astrue</u>, 638 F.3d 1324, 1328 (10th Cir. 2011)).  She argues that even if the court finds the new evidence is part of the administrative record it should not remand because it can affirm the decision below with the new evidence.  (Comm'r Br. 9-10) (citing <u>Krauser</u> 638 F.3d at 1328).

The court finds that although most of the evidence presented for the first time to the Appeals Council and not made a part of the record by order of the Council does not qualify as chronologically relevant evidence, the evidence relating to Plaintiff's lumbar surgery and treatment of her lumbar symptoms is chronologically relevant to the period at issue in the ALJ's decision.  Therefore the court finds remand is necessary pursuant to sentence six of 42 U.S.C. § 405(g).

A.   **Legal Standard Applicable to Evidence Presented to the Appeals Council**

The statute provides that a reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).  The Commissioner has also promulgated regulations which provide that a claimant might submit certain new evidence to the Appeals Council.  20 C.F.R. §§ 404.970, 404.976, 416.1470, 416.1476.  "The Appeals Council will consider . . . any new and material evidence submitted to it that relates to the period on or before the date of the administrative law judge hearing decision."  <u>Id.</u> at 404.976(b), 416.1476(b).

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.  The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

20 C.F.R. §§ 404.970(b), 416.1470(b).

The Tenth Circuit has considered and summarized certain relevant principles for courts to use when considering evidence submitted directly to the Appeals Council, recognizing that the Council must:

> consider evidence submitted with a request for review "if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision.' Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995) (internal quote omitted); Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991) (internal quote omitted); see also O'Dell [v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994)].

> Lawson v. Chater, 83 F.3d 432, 1996 WL 195124, at **1 (10th Cir. Apr.23, 1996).  "Whether [evidence] qualifies as new, material and chronologically relevant is a question of law subject to our de novo review.  See Box[,] 52 F.3d [at] 171."  Wilson v. Apfel, 215 F.3d 1338, 2000 WL 719457, at **2 (10th Cir. June 5, 2000).  If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. See id.; Tollett v. Barnhart, 60 Fed. Appx. 263, 2003 WL 1473565, at *1 (10th Cir. Mar. 24, 2003).  If the evidence does qualify and the Appeals Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard.  See O'Dell, 44 F.3d at 859 (following, among other cases, Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992)).  Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings. See Lawson, 83 F.3d 432, 1996 WL 195124, at **1–2; accord Nelson, 966 F.2d at 366.

Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004).

### B.    Background

As Plaintiff's Brief suggests, while the Appeals Council was considering Plaintiff's request for review of the ALJ's hearing decision, Plaintiff provided additional evidence for the first time to the Appeals Council.  That evidence included the five sets of treatment records identified above (R. 9-226, 230-241), a Brief prepared by her attorney (R. 584-600), and a treatment note dated August 27, 2013 from the Mental Health Association of South Central Kansas.  (R. 1201-03).

The Appeals Council received the evidence and discussed its evaluation of all of that evidence.  It issued an "Order of Appeals Council" in which it noted that it had received certain evidence "which it is making part of the record."  (R. 6).  In the Order, it identified Exhibit B24E as Plaintiff's "Representative Brief," and Exhibit B30F as records of "Mental Health Association of South Central Kansas dated August 27, 2013." Id.  No other evidence was included in the Appeals Council's "Order."  In its "Notice of Appeals Council Action" it explained how it handled the evidence Plaintiff had provided during its evaluation, and ultimately its denial, of Plaintiff's request for review of the ALJ's decision.  (R. 1-7).  It stated that it had considered the "additional evidence listed on the enclosed Order of Appeals Council" (the Representative Brief and the treatment notes dated August 27, 2013) and "found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (R. 1-2).

It also discussed the evidence it did not make a part of the record:

We also looked at treatment notes from Mental Health Association of South Central Kansas dated October 8, 2013 to February 3, 2014 (12 pages); Abay Neuroscience Center dated December 2-20, 2013 (19 Pages); Kansas Spine Hospital dated December 12, 2013 through February 7, 2014 (124 pages); Abay Neuroscience Center dated January 16, 2014 to July 18, 2014 (62 pages); KU Internal Medicine dated January 20, 2014 to February 3, 2014 (14 pages). The Administrative Law Judge decided your case through September 20, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 20, 2013.

If you want us to consider whether you were disabled after September 20, 2013, you need to apply again. The new information you submitted is available in your electronic file for you to use in your new claim.

(R. 2).

Here, the Appeals Council did exactly as it was required by the regulations. It determined whether the evidence was new, material, and chronologically relevant. It determined that the Representative Brief and the treatment notes dated August 27, 2013 qualified, it issued an Order making them a part of the record, and it considered the record as then constituted in deciding to deny Plaintiff's request for review. Therefore, that evidence is a part of the record, and will be considered by the court in judicial review of the decision. As for the rest of the evidence submitted, it noted that evidence was dated after the date of the ALJ's decision, September 20, 2013. (R. 2). Consequently, it found that evidence was not chronologically relevant, it did not make it a part of the record or consider it when deciding Plaintiff's request for review, and it made that evidence available for Plaintiff if she desired to apply for disability based upon that evidence. Id.

## C.    Analysis

Plaintiff's argument that the court should consider that evidence merely because

the Commissioner included it with the administrative record she filed with the court exalts

form over substance, ignores that both the Social Security Administration and the United

States Courts have implemented electronic case management and electronic filing

systems to streamline the adjudication process, and ignores that the agency must include

evidence in the case record demonstrating to a reviewing court the bases for its decision.

The record makes clear what the agency did, and the court will not strain credulity to find

an error.  Martinez v. Barnhart,[2] upon which Plaintiff bases this argument, does not

require a different result.  In Martinez v. Barnhart the court noted that the Appeals

Council did not state that the evidence submitted to it qualified as new, material, and

chronologically relevant, but that the Appeals Council did state that evidence was being

made a part of the record in that case.  The court "interpret[ed] this statement as an

implicit determination Mr. Martinez had submitted qualifying new evidence for

consideration."  444 F.3d at 1207.  Consequently, the court found that the Appeals

Council had considered that evidence in deciding whether to review the ALJ decision,

determined that evidence was a part of the administrative record to be considered by the

---

[2]The court notes that Plaintiff also makes arguments citing the unpublished opinion of Martinez v. Astrue, 389 F. App'x 866, 869 (10th Cir. 2010) for the propositions that the court should take the Appeals Council at its word because "its order says it considered the new evidence," and that this evidence "upsets (defendant's) [sic] decision." (Pl. Br. 7).  These arguments are addressed later in this decision.  Moreover, although Plaintiff cites Martinez v. Astrue as a 2006 decision (Pl. Brief 7), it is in fact a 2010 decision.

court, considered that evidence, and agreed with the Appeals Council that the evidence did not undercut the ALJ's finding.  Martinez v. Barnhart, 444 F.3d at 1207-08.  Here, the Appeals Council found a portion of the additional evidence was qualifying and issued an Order making it a part of the record.  It considered that evidence in deciding Plaintiff's request for review, and the court, in accordance with Martinez v. Barnhart, will follow suit.  The Appeals Council specifically determined that the rest of the additional evidence was not chronologically relevant.  The holding of Martinez v. Barnhart does not apply to that evidence, but in accordance with Chambers, 389 F.3d at 1142, the court will make a de novo determination whether that evidence qualifies as new, material, and chronologically relevant and, if so, will remand for a proper consideration.

To the extent Plaintiff's Brief argues, based upon Martinez v. Astrue, 389 F. App'x at 869, that the court should take the Appeals Council at its word and accept the evidence merely because the Council's order says it considered the new evidence, the court disagrees.  The Appeals Council here stated it "considered . . . the additional evidence listed on the enclosed Order of Appeals Council."  (R. 1).  And, the evidence listed on that Order included only exhibits B24E and B30F.  (Pl. Brief 7), see also (R. 6). With regard to the evidence the Council found not chronologically relevant, it stated that it had "looked at" that evidence and found it not relevant, and that "[i]f you want us to consider whether you were disabled after September 20, 2013, you need to apply again." (R. 2) (emphases added).  Martinez v. Astrue does not require the court to consider the evidence rejected by the Appeals Council because that evidence was not considered by

11

the Council in making its decision.  The court now turns to a <u>de novo</u> determination whether the evidence not considered by the Appeals Council qualifies as new, material, and chronologically relevant.  It finds a portion of that evidence is chronologically relevant.  Consequently it finds that a sentence six remand is necessary.

Plaintiff argues that the "Appeals Council should have remanded [P]laintiff's application back to the ALJ [because the evidence at issue] was new, material and not duplicative."  (Pl. Brief 6) (citing <u>Threet v. Barnhart</u>, 353 F.3d 1185, 1191-92 (10th Cir. 2003); and <u>Chavez v. Barnhart</u>, 126 F. App'x 434, 437 (10th Cir. 2005)[3]).  The evidence at issue here clearly qualifies as new, because it does not appear in the record, and it is not merely cumulative evidence because no other record evidence indicates the significant issues revealed after the date of the ALJ's decision.  The evidence is material in the sense that if fully credited by an ALJ, it provides a basis upon which the ALJ might determine that Plaintiff is, in fact, disabled because of the significant issues revealed by medical treatment after the date of the ALJ's decision.  Therefore, the dispositive issue in determining whether the evidence qualifies is whether the evidence is chronologically relevant to the period beginning with Plaintiff's alleged onset date of disability, August 25, 2011, through the date of the ALJ's decision, September 20, 2013.  But, neither Plaintiff's Brief nor <u>Threet</u> specifically addresses this issue.

---

[3]The court in <u>Chavez</u>, specifically noted that it did not decide the issue of materiality because that case was remanded for other reasons.  126 F. App'x at 437. Therefore, the court will not further consider that case because anything it says regarding evidence submitted to the Appeals Council is necessarily <u>dicta</u>.

The court in Threet noted that "timeliness is no problem here because the evidence

relates to the period before the ALJ's decision."  353 F.3d at 1191.  Here, on the other

hand, whether the evidence relates to the period before the ALJ's decision is key to a

determination whether the evidence qualifies and whether the case must be remanded in

accordance with sentence six of 42 U.S.C. § 405(g).  Plaintiff argues that the new

evidence is relevant because it impacts the severe impairments the ALJ found at step two,

and it "revealed a 'disturbing' new degenerative cervical disc disease at C4-C6, that

relates back to [P]laintiff's car accident."  (Pl. Brief 6) (emphasis in original).  She

explains the impact demonstrated by the new evidence by noting that she had an MRI on

December 12, 2013 ("less than 90 days after the ALJ's Decision") which showed lateral

recess stenosis and nerve root compression and which led the physicians to perform

surgery on her lumbar spine, and that she later had cervical spine surgery because the

records revealed "newly discovered disc herniations, unknown to [P]laintiff and the ALJ

at the time of the hearing."  (Pl. Brief 6) (without pinpoint citation to the 230 pages of

additional evidence submitted).  She explains that this "new evidence explains

[P]laintiff's continuing lumbar spine deterioration and establishes new cervical spine

deterioration, related to the car accident, undetected by her treating physicians until

imaging in the Fall of 2013."  (Pl. Brief 7) (again without pinpoint citation to the 230

pages of additional evidence submitted).

By Plaintiff's own admission, the cervical disc disease revealed by imaging after

the date of the ALJ's decision is new deterioration not suggested by any of the prior

record evidence.  Moreover, although Plaintiff asserts that her newly-discovered cervical disc disease is related to her automobile accident in 2011, she points to no record evidence, or even evidence presented to the Appeals Council, demonstrating or opining in regard to that alleged "fact."

However, Plaintiff argues that imaging done nearly three months after the ALJ issued her decision demonstrates lateral recess stenosis and nerve root compression and led the physicians to perform surgery on her lumbar spine. Plaintiff acknowledges that the lumbar surgery resulted from imaging performed after the ALJ's decision, but she argues it relates back because it explains her "continuing lumbar spine deterioration." (Pl. Br. 7) (without citation to any evidence).  Although Plaintiff does not cite any evidence demonstrating that her lumbar surgery relates back to her condition before the ALJ's decision, the court's review of the evidence reveals that she is correct.

The ALJ recognized that Plaintiff complained of constant pain in her back, that walking two blocks takes 45 minutes, and that she must lie down because of pain after walking that distance.  (R. 250).  She noted that Plaintiff's current application for disability "primarily involves complaints of low back pain."  (R. 251).  And she stated,

> Objective findings have demonstrated lumbar degenerative joint disease with narrowing of the L5-S1 disc space (Exhibit B2F/24 [(R. 636)]), intermittent exacerbations of low back pain, aud occasional radicular symptoms alternating with much less symptomatology.

(R. 251).  She stated that Dr. Murati's examination revealed "a decrease in sensation along the left L5 dermatome," that "examination of [Plaintiff's] lower back revealed the

L4 spinous process to be most tender to palpation," and his "impression included low back pain with signs and symptoms of radiculopathy superimposed on old radiculopathy." The ALJ noted that imaging of the lumbar spine on September 7, 2012 revealed a small disc herniation at L4-L5, protruding more to the left," and that a surgical consultation advised Plaintiff that "surgery would not likely improve her symptoms."  (R. 251-52).

Just a sampling of the treatment records Plaintiff submitted to the Appeals Council reveal the opinion of her surgeon, Dr. Dickerson, regarding her lumbar disc disease and the surgery he performed as a result thereof.  In his "Operative Report," he noted, "This is a 43-year-old lady who presents with severe left leg pain in the L5 distribution.  MRI's were obtained which reveal lateral recess stenosis and compression of the nerve root.  It was felt that he [sic] would benefit from a decompression."  (R. 59) (emphasis added).  In another note dated February 5, 2014, Dr. Dickerson noted that Plaintiff had "a long-standing history of low back pain over the last two to four years," that she "developed numbness and tingling in both feet and legs," and that she "had episode of falls in which she states her legs dropped out from underneath her."  (R. 61) (emphasis added).  The portion of that treatment note, captioned "Radiographic Studies," states:

> MRI of the lumbar spine reveals stenosis at L4-L5 due to disc herniation, although the reading is most likely different due to a lumbarized sacrum but this is quite small although read-out as desiccation.  I believe this is rudimentary disc, therefore for consistency; we are calling L4-L5 the first large disc space above the compressed disc.

(R. 62).

Dr. Dickerson's finding of severe left leg pain in the L5 distribution relates to Dr. Murati's finding two years earlier of decreased sensation in the L5 dermatome, and in view of the findings regarding a lumbarized sacrum, it potentially relates to Dr. Murati's finding of tenderness to palpation of the L4 spinous process.  Moreover, Dr. Dickerson specifically relates the development of the problem back for two to four years.  The fact that an MRI in 2012 revealed disc herniation at L4-L5, when considered together with all of the other evidence in this regard, could be found to be an indication that the problem has been worsening over time, and that the necessity for surgery, or at least the condition, relates back to the period before the date of the ALJ decision.  Remand is necessary for the Commissioner to consider this evidence and make her disability determination based upon all of the relevant evidence.

The Appeals Council is technically correct in its statement that the new evidence is about a later time, because the records are dated after the ALJ decision.  But, the relevant inquiry under the Act is whether the evidence is material, and under the regulations the relevant inquiry is whether the evidence "relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. §§ 404.970(b), 416.1470(b).  Here, the evidence is material in part because it relates to the period on or before the hearing decision, even though it is dated after that decision.

The Commissioner's argument, based upon the holding in Krauser--that if the court determines that the new evidence is a part of the record, the court can resolve the questions presented by the new evidence without remanding the case--need not be

16

addressed because as the court decided above the new evidence is not a part of the

administrative record despite that it is located among the administrative documents in the

Court Transcript Index before the first exhibit--B1A.  Remand is therefore required in

accordance with the sixth sentence of 42 U.S.C. § 405(g).

**IT IS THEREFORE ORDERED** that judgment shall not be entered at this time,

and the case shall be REMANDED for the Commissioner to take additional evidence

pursuant to the sixth sentence of 42 U.S.C. § 405(g), and for further proceedings in

accordance therewith.

Dated this 6th day of May 2016, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**